**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**William K. Avery,** **Civil No. 00-2171 (RHK/SRN)**

**Plaintiff,**

v. **REPORT AND RECOMMENDATION**

**Hennepin County.**

**Defendant.**

---

John B. Waldron, Esq. on behalf of Plaintiff William K. Avery.

Cory A. Carlson, Esq. on behalf of Defendant Hennepin County.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned United States Magistrate Judge on January 24, 2001. Defendant brought a Motion to Dismiss Plaintiff's Complaint, or in the alternative, for Summary Judgment. (Doc. No. 2.) This motion has been referred to the undersigned pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

For the reasons set forth below, this Court recommends that Defendant's Motion to Dismiss the Complaint be granted.

## BACKGROUND

Plaintiff is a child support obligor whose child support is collected by Defendant Hennepin County. (Compl. ¶¶ 6, 7.) The Complaint alleges that Defendant distributed inaccurate consumer reports concerning his child support obligations to various consumer

FILED APR 0 9 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

reporting agencies and negligently failed to follow reasonable procedures to assure the maximum accuracy of the consumer reports, in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq. These limited allegations comprise the factual background for Plaintiff's claims as set out in the Complaint.

**ANALYSIS**

## I. Standard of Review

Defendant has brought a Motion to Dismiss, or in the alternative, for Summary Judgment. Where on a Rule 12(b)(6) motion "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed. R. Civ. P. 12(b)(6); see also Buck v. FDIC, 75 F.3d 1285, 1288 & n. 3 (8th Cir. 1996). The parties have each submitted affidavits and attachments for the Court's review in conjunction with Defendant's alternative motion for summary judgment. The Court has elected not to review documents contained outside of the pleadings and views this matter as a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court assumes all facts alleged in the complaint as true. Hishon v. 799 King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232-33, 81 L.Ed.2d 59 (1984). All reasonable inferences from the complaint must be drawn in favor of the nonmoving party. Hafley v. Lohman, 90 F.3d 264, 266 (8th Cir. 1996). Dismissal is appropriate only if "it

appears beyond a doubt that the plaintiff can prove no set of facts which would entitle the plaintiff to relief." Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994).

## II. The Merits

Plaintiff alleges that Defendant filed false consumer reports with various consumer reporting agencies and negligently failed to follow reasonable procedures to assure the accuracy of the reports. (Compl., ¶¶ 7, 8, 9.) Defendant argues that the Court should dismiss the claims because (1) it is not a consumer reporting agency ("CRA") as defined by the FCRA, and (2) Plaintiff's belated assertion that Defendant is a "furnisher of information" under the FCRA is not alleged in the Complaint. (Def.'s Mem., Doc. No. 2, p. 9.; Def.'s Reply Mem., Doc. No. 9, p. 1.)

### A. Consumer Reporting Agency (CRA)

The Complaint alleges that Defendant is a CRA "as defined in 15 U.S.C. § 1681a(e) [sic]" and therefore asserts that Defendant must comply with the terms of the FCRA in compiling and maintaining consumer files. (Compl., ¶ 5.) Defendant contends that Plaintiff has failed to state a claim upon which relief can be granted because Defendant is not a CRA as defined by the FCRA. Section 1681a(f) of the FCRA defines a "consumer reporting agency" as:

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties

15 U.S.C. § 1681a(f).

Defendant does not fall within this definition because Defendant does not assemble or evaluate consumer credit information for distribution to others for payment or on a cooperative basis. Rather, Defendant furnishes the State of Minnesota[1] with information on overdue child support obligations, and the State in turn forwards the information to the CRAs. Under 42 U.S.C. § 666(a)(7), the State is mandated to report to CRAs "the name of any non-custodial parent who is delinquent in the payment of support, and the amount of overdue support owed by such parent." States are required to provide this information, and may not choose not to cooperate. The mere furnishing of this information does not give rise to finding that the State of Minnesota, or Defendant, as the local child support enforcement agency, is a CRA. See Olson v. Atlantic Mortgage & Investment Corp., 24 F.Supp.2d 976, 983 (D. Minn. 1998) (citing the following Federal Circuit Court of Appeals authority: DiGianni v. Stern's, 26 F.3d 346, 349 (2nd Cir. 1994) ("Retailers *** that merely furnish information to CRAs based on their experience with consumers are not CRAs within the meaning of the FCRA."), cert. denied, 513 U.S. 897, 115 S. Ct. 252, 130 L.Ed.2d 173 (1994); Smith v. First Nat'l Bank of Atlanta, 837 F.2d 1575, 1579 (11th Cir. 1988) (bank that reported information concerning experience with a customer is not a CRA), cert. denied, 488 U.S. 821, 109 S.Ct. 64, 102 L.Ed.2d 41 (1988);

[1]The Court notes that the State of Minnesota is noticeably absent as a party to this lawsuit.

Rush v. Macy's New York, Inc., 775 F.2d 1554, 1557 (11th Cir. 1985) (holding that one who "did not more than furnish information to a credit reporting agency" is not a "consumer reporting agency")).

Plaintiff is precluded from alleging that Defendant is a CRA under the FCRA. Therefore, Defendant's Motion to Dismiss on these grounds should be granted.

**B. Furnisher of Information**

In Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss, Plaintiff argues that, regardless of CRA status, Defendant is responsible under the FCRA as a "furnisher of information." (Pl.'s Mem., Doc. No. 3, pp. 5-11.) Although the term furnisher of information is not explicitly defined in the FCRA, the term has been interpreted to mean an entity "which transmits information concerning a particular debt owed by a particular consumer to consumer reporting agencies such as Experian, Equifax, MCCA, and Trans Union." DiMezza v. First USA Bank, Inc., 103 F.Supp.2d 1296, 1299 (D.N.M. 2000) (quotation omitted). The FCRA imposes the following requirements on furnishers of information:

(A) Reporting information with actual knowledge of errors

> A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or consciously avoids knowing that the information is inaccurate.

(B) Reporting information after notice and confirmation of errors

> A person shall not furnish information relating to a consumer

> to any consumer reporting agency if--
>
> (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and
>
> (ii) the information is, in fact, inaccurate

15 USCA s 1681s-2(a)(1). Subsection (A) above is enforced exclusively by "the Federal agencies and officials and the State officials identified in that section." 15 U.S.C. § 1681s-2(d). Therefore, there is only a private right of action under subsection (B) above. 42 U.S.C.§ 1681s-2(a)(1)(B). Under the FCRA, after receiving an appropriate notice of a dispute, a furnisher of information is required to: (1) conduct an investigation; (2) review all relevant information provided by the CRA; (3) report the results of the investigation to the CRA; and (4) if the investigation finds that the information is incomplete or inaccurate, report those results to all other CRAs. 42 U.S.C. § 1681s-2(b).

According to Plaintiff, Defendant, as a furnisher of information, failed to properly investigate a disputed report as required by the FCRA. (Pl.'s Mem., Doc. No. 3, p. 7.) However, these allegations appear for the first time in Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss. The Complaint is devoid of any reference to Defendant as a furnisher of information.

At the hearing, Plaintiff recognized that the Complaint does not specifically allege that Defendant is liable as a furnisher of information, but argued that specific sections of the FCRA need not be plead in a complaint, <u>citing</u> <u>Olexy v. Interstate Assurance Co.</u>, 113

F. Supp.2d 1045 (S.D. Miss. 2000) (refusing to dismiss complaint, despite failure to specify a section of the FCRA, where the factual allegations of the complaint could be read to suggest a cause of action under 42 U.S.C. § 1681s-2(b)); McMillan v. Experian Info. Servs., 119 F.Supp.2d 84 (D. Conn. 2000) (determining that a bare allegation of a particular impropriety, even without supporting facts, is sufficient under the FCRA); and Brown v. Maine Medical Center, 1999 WL 33117137 (D. Me. 1999) (declining to dismiss a complaint when it was reasonable to infer from the complaint that the alleged contact met the notification requirement under the duty to investigate).

The cases cited by Plaintiff suggest that a claimant need not allege a particular section of the FCRA in the complaint when it is reasonable to infer a violation of a specific FCRA section from the facts or the allegations of the complaint. However, in this case it is not reasonable to do so. Unlike Olexy and Brown, there are no factual allegations in the Complaint that can be read to assert that Defendant, as a furnisher of information, violated the duty to investigate a disputed claim under the FCRA. Nothing in the Complaint suggests that Plaintiff notified Defendant or a CRA of potentially inaccurate reporting, or that Defendant conducted an improper investigation after receiving notice of dispute. Unlike McMillan, the Complaint does not even make a bare allegation that Defendant is liable as a furnisher of information.

The Complaint utterly lacks facts or allegations by which to infer liability under the duty of furnishers to investigate upon notice of a dispute. See Dornhecker v.

Ameritech Corp., 99 F.Supp.2d 918, 928-29 (N.D. Il. 2000) (dismissing FCRA claim without prejudice where plaintiff did not allege that a CRA had notified the furnisher of information that credit information was disputed). Therefore, the Complaint has failed to state a claim, and Defendant's Motion to Dismiss should be granted.

**III. Recommendation**

Accordingly, based upon the foregoing, and all the files, records and proceedings herein, it is hereby recommended that:

(1) Defendant's Motion to Dismiss the Complaint (Doc. No. 2) be **GRANTED**.

(2) Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**.

DATED: April 9, 2001

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation within 10 days after being served with a copy thereof. The objecting party must file with the Clerk of the Court and serve on all parties, written objections which specifically identify the portions of the proposed findings, recommendations, or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.