UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**William K. Avery,**

**Plaintiff,**

**v.**

**Hennepin County.**

**Defendant.**

**Civil No. 00-2171 (RHK/SRN)**

**REPORT AND RECOMMENDATION**

---

John B. Waldron, Esq. on behalf of Plaintiff William K. Avery.

Tony Beitz, Esq. on behalf of Defendant Hennepin County.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter initially came before the undersigned United States Magistrate Judge on Defendant's Motion to Dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6). (Doc. No. 2.) The Court issued a Report and Recommendation to the Honorable Richard H. Kyle, of the United States District Court for the District of Minnesota, recommending that Defendant's Motion to Dismiss the Complaint be granted and that Plaintiff's Complaint be dismissed with prejudice. (Doc. No. 14.) Plaintiff did not propose amendments to the Complaint or seek leave to amend the Complaint at that time.

Plaintiff then objected to the Report and Recommendation and filed an Alternative Motion for Leave to Amend the Complaint. (Doc. No. 16.) Judge Kyle adopted the Report and Recommendation, but remanded for the "limited purpose of making a recommendation with respect to Plaintiff's request to file an Amended Complaint or that the dismissal of the

FILED JUL 06 2001
RICHARD D. SLETTEN, CLERK
JUDGEMENT ENTERED ________
DEPUTY CLERK'S INITIALS ________

Complaint be 'without prejudice.'" (Doc. No. 19.)

The parties submitted supplemental briefing on the remanded issue and appeared for a hearing before the undersigned United States Magistrate Judge on June 5, 2001. Plaintiff did not offer a Proposed Amended Complaint in his supplemental briefing. The Court then ordered Plaintiff to submit a Proposed Amended Complaint, which was received on June 28, 2001.

The Proposed Amended Complaint seeks, *inter alia*, to add the State of Minnesota as a Defendant and to allege that both the State of Minnesota and Hennepin County are liable as furnishers of information under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. (Doc. No. 24.) Defendant opposes Plaintiff's request to amend the Complaint, arguing that the amendment is futile.

Whether to grant leave to amend is within this Court's sound discretion. Niagara of Wis. Paper Corp. v. Paper Industry Union-Management Pension Fund, 800 F.2d 742, 749 (8th Cir. 1986). Rule 15 of the Federal Rules of Civil Procedure states that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "Although amendment of a complaint should be allowed liberally to ensure that a case is decided on its merits, . . . there is no absolute right to amend." Ferguson v. Cape Girardeau County, 88 F.3d 647, 650-51 (8th Cir. 1996). A court may deny leave to amend if the amendment would be futile. See Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

Defendant argues that the amendment would be futile because (1) as a matter of public policy the county's mandatory reporting to the State should not trigger liability under the FCRA, and (2) in the alternative, the county did not breach its duty as a furnisher of

information. (Doc. No. 21, p. 2.) Despite Defendant's public policy concerns, the law does not exclude certain government agencies from coverage under the FCRA. Rather, the FCRA specifically defines "person" to mean "any individual, partnership, corporation, trust estate, cooperative, association, government or governmental subdivision or agency." 15 U.S.C. § 1681a(b); see also Campbell v. Baldwin, 90 F.Supp.2d 754, 756 (E.D. Tex. 2000) (noting that the FCRA provides a private right of action against state officials for allegedly reporting inaccurate information concerning liability for child support payments). Therefore, the Court finds that Plaintiff's allegations are not so clearly futile as to warrant denial of the proposed amendments. Furthermore, the Court declines to rule on Defendant's alternative argument that the county did not breach its duty as a furnisher of information. Such an inquiry would require an analysis of the factual disputes, an undertaking that is not appropriate in the context of a motion amend the Complaint.

Therefore, based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff be permitted to amend the Complaint to make the proposed additions.

Dated: July 6, 2001

SUSAN RICHARD NELSON
United States Magistrate Judge